NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL PIMENTEL-ESTRADA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-70384 Agency No. A023-655-798 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021[**]
Portland, Oregon

Before: W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Rafael Pimentel-Estrada, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") order that dismissed his appeal of an

Immigration Judge's ("IJ") decision that denied his application for deferral of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal under the Convention Against Torture ("CAT").[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The court reviews the BIA's and IJ's "legal conclusions de novo and [their] factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted).  Substantial evidence review means that we must uphold a factual finding if it is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).  "[F]or this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA." *Zheng v. Holder,* 644 F.3d 829, 835 (9th Cir. 2011) (denying petition for review where the possibility of torture was too speculative).

To receive CAT protection, an applicant must establish that it is more likely than not that he would be tortured by, at the instigation of, or with the acquiescence of a government official.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  Pimentel-Estrada testified he fears cartels in Mexico would torture him for two reasons.

---

[1]     Pimentel-Estrada applied for asylum, withholding of removal, and CAT protection.  The IJ determined Pimentel-Estrada's conviction for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), bars him from asylum and withholding of removal pursuant to 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).  Pimentel-Estrada did not challenge that finding before the BIA or in his petition for review, so deferral of removal under CAT is the only issue before this court.

2

First, he fears the Jalisco Cartel Nuevo Generacion ("CJNG") would know he worked for a rival cartel, because when he was arrested in 2011 a local television station in Utah played a video clip of him with weapons, drugs, and money and identified him with the Sinaloa Cartel, and the clip is available on the internet. Second, his prison sentence of 144 months was reduced to 120 months because of a retroactive change to the Sentencing Guidelines, and he fears the Sinaloa will mistakenly believe he was released early because he cooperated with the government. Pimentel-Estrada did not testify he suffered any past torture.

Substantial evidence supports the IJ's and BIA's finding that Pimentel-Estrada's fears that he would more likely than not be tortured if returned to Mexico were too speculative.

First, Pimentel-Estrada testified that he has not been threatened by any cartel in prison, in the halfway house into which he was initially placed, or since release. Second, Pimentel-Estrada provided evidence that the video clip is available on the internet but not that any cartel members have seen it or know about it. The IJ and BIA concluded that Pimentel-Estrada's fear CJNG would find him and torture him because of the video clip is too speculative, *Zheng*, 644 F.3d at 836, and the evidence does not compel a different result.

Pimentel-Estrada's fear of harm from the Sinaloa Cartel because of a mistaken belief that he cooperated with the government is also too speculative. As

discussed, he has not been threatened. He did not provide any evidence that any cartel members believe he cooperated with the government. He did not in fact cooperate with the government. His sentence was reduced because of a change in the law.

Pimentel-Estrada testified that his cousin Jorge was brutally murdered in 2008, probably by a drug cartel. Pimentel-Estrada testified that his brother-in-law works doing road construction in Mexico and some of his co-workers believed Pimentel-Estrada had been released early because he cooperated, but he did not provide evidence the coworkers are connected with a cartel. When his brother, Rigoberto, declined CJNG's recruitment attempts, masked individuals told his parents that they would kill Rigoberto, who fled to the United States. Pimentel-Estrada's parents and sister still live in Mexico, and there is no evidence they were harmed or threatened with harm, or even contacted in relation to Pimentel-Estrada, which supports the conclusion the cartel is not searching for him.

Pimentel-Estrada testified that in 2010, a man named Juan Carlos, who was in prison in Mexico with Pimentel-Estrada's nephew, called and offered to sell him discounted methamphetamine in exchange for a $100,000 payment to help get Juan Carlos out of prison. Pimentel-Estrada testified he declined, and then in 2011 Juan Carlos contacted Pimentel-Estrada's son in Mexico and threatened him and told him his father should not cooperate with law enforcement. Both contacts were

4

before Pimentel-Estrada was convicted, and he provided no evidence that Juan Carlos believes Pimentel-Estrada later cooperated or that Juan Carlos would try to track him down to torture him.

Pimentel-Estrada provided an expert witness, Dr. Smith, who opined that "if" the Sinaloa Cartel believed Pimentel-Estrada cooperated against them, then they would search for him and kill him. The IJ discussed the report and gave it full weight but did not accept the conclusion, which relied on accepting Pimentel-Estrada's premise that the Sinaloa believe he cooperated. *See id.* at 836 (expert opinion not supported by the record because it was "based on the assumption" that the petitioner put forth). Pimentel-Estrada's fear is speculative because he assumes without sufficient foundation that the cartel will discover that he was released early from prison, form the mistaken belief that he cooperated with the government, and seek him out for torture. *See id*.

Finally, Pimentel-Estrada testified he fears the police in Mexico would deliver him to the cartels or acquiesce in harm inflicted on him by the cartels, but he has not provided evidence to support this fear. The record contains country conditions evidence that some police officials in Mexico are corrupt and work with the cartels, but it does not support Pimentel-Estrada's speculation that officials would acquiesce in cartels inflicting harm on him. *See Alphonsus v. Holder*, 705

F.3d 1031, 1049 (9th Cir. 2013); *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017).

Substantial evidence supports the BIA's denial because the record does not compel the conclusion that it is more likely than not that he will be tortured by, or with the consent or acquiescence of the government if returned to Mexico. *See Zheng*, 644 F.3d at 835–36.

The government's motion to reconsider the stay of removal previously granted (DN 32) is granted and the stay of removal is denied.

**PETITION DENIED.**